**YOUNGS RUBBER CORPORATION,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent.

**No. 56, Docket 28170.**

United States Court of Appeals
Second Circuit.

Argued Dec. 3, 1963.

Decided April 17, 1964.

Vincent J. Jennings, Newark, N. J. (Robert W. Brady, Newark, N. J., of counsel), for petitioner.

John M. Brant, Attorney, Department of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks and David O. Walter, Attorneys, Department of Justice, Washington, D. C.), for respondent.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM.

Taxpayer appeals from a decision of the Tax Court, T.C.Mem. 1962–300, sustaining the Commissioner's assessment of a penalty tax under section 531 of the Internal Revenue Code of 1954 on accumulated earnings for the year 1956.

Taxpayer replied to the Commissioner's section 534(b) notification with a statement of the grounds on which it relied pursuant to section 534(c). That statement, consisting of various items summarized under five major grounds, was sufficient to shift the burden of showing the accumulation unreasonable in the light of business needs to the Commissioner. However, the facts here satisfied that burden. See Oyster Shell Prods. Corp. v. Commissioner, 313 F.2d 449, 452–453 (2d Cir. 1963); R. Gsell & Co. v. Commissioner, 294 F.2d 321, 325–326 (2d Cir. 1961).

The Tax Court made specific findings as to some of the items set forth in taxpayer's statement. These items included expansion of business and replacement of plant, technological changes in the industry, funds for eventually paying Federal and State estate taxes on the estate of petitioner's principal stockholder and a reserve for litigation. The Tax Court quite properly rejected these items. The record contains no sufficient evidence to support them as reasons justifying 1956 accumulation for these purposes. The remaining "commitments" the Tax Court failed to "examine" in detail largely because it believed that they "could have been met by the accumulated surplus as of the beginning of that [1956] year."

The propriety of the accumulation of the tax year in question cannot be determined by balance sheet totals alone. Although the amount and present condition of previously accumulated surplus has a bearing on the reasonableness of the accumulation in the current year, the intention to avoid shareholder income taxes is the basic issue. Under the circumstances revealed by the record and the history of non-payment (as of 1956) of any dividends since 1946 despite substantial earnings, there was ample basis for the Tax Court's conclusion that "petitioner was availed of in 1956 for the purpose of preventing the imposition of the income tax upon its shareholders."

Affirmed.